RECEIPT # 55846
AMOUNT $ ___
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 5-12-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY NOLAN,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS AND BLUE SHIELD OF MASSACHUSETTS, INC.<br><br>Defendant. | CIVIL ACTION<br>NO. _____<br><br>04 10944 MEL<br><br>MAGISTRATE JUDGE Alexander |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Blue Cross and Blue Shield of Massachusetts, Inc. ("Blue Cross") hereby removes to this Court an action pending in Plymouth Superior Court styled <u>Mary Nolan</u> v. <u>Blue Cross and Blue Shield of Massachusetts, Inc.</u>, bearing the civil action number CV-2004-0543A.

As grounds for removal, Blue Cross states that:

(1)  Blue Cross received a copy of the initial pleading setting forth the claim for relief upon which this action is based on May 7, 2004 at 5:30 p.m.. The following documents were served on Blue Cross on May 7, 2004: a) Summons and Order of Notice, b) Motion To Appoint Special Process Server, c) Civil Action Cover Sheet, and d) the Complaint. No other pleadings, process, or orders have been served on Blue Cross. A copy of the Complaint is attached hereto. Pursuant to Local Rule 81.1, certified copies of all documents on file with the Plymouth Superior Court Civil Clerk's office will be filed with this Court in a timely fashion.

(2) This Notice of Removal is being filed in the United States District Court for the District of Massachusetts within 30 days of the date Blue Cross was served with the Summons and Complaint.

(3) This action is removed pursuant to 28 U.S.C. § 1441(b) based on federal subject matter jurisdiction. In the Complaint, the plaintiff alleges breach of contract arising out of Blue Cross' alleged termination of benefits promised in connection with health insurance obtained through her now-deceased ex-husband's employer, Raytheon Company. (Complaint, ¶¶ 8, 24). That contract is an employee benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 et seq.

(4) State law claims based on the administration of health care benefits under an ERISA plan -- no matter how labeled -- are preempted by ERISA. See, e.g., Danca v. Emerson Hospital, 9 F.Supp.2d 27 (D.Mass. 1998) aff'd 185 F. 3d 1 (1st Cir. 1999); Andrews-Clarke v. Travelers Insurance Co., 984 F. Supp. 49 (D.Mass. 1997); Turner v. Fallon, 953 F. Supp. 419 (D.Mass) aff'd 127 F. 3d 196 (1st Cir. 1997). "Anything akin to a contract claim" is preempted under ERISA. Turner v. Fallon, 127 F.3d at 200. "It would be difficult to think of a state law that 'relates' more closely to an employee benefit plan than one that affords remedies for the breach of obligations under that plan." Id. at 199.

(5) Despite the general principle that federal jurisdiction "'must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration,'" Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (quoting Taylor v. Anderson, 234 U.S. 74, 75-76 (1914)), known as the "well-pleaded complaint" rule, an "independent corollary of the well-pleaded complaint rule [is] that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." Id. at 22. Congress may so completely preempt a particular area that any civil complaint raising this select group of

2

claims is necessarily federal in character. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64, 107 S.Ct. 1542, 1546 (1987). The civil enforcement provision of ERISA is such an area. Id. at 66, 107 S. Ct. 1548. Thus, even cases where only state law claims are alleged are removable to federal court if the allegations fall within claims for benefits under an ERISA plan. Id. at 67, 107 S. Ct. 1548.

WHEREFORE, this action is removed from the Plymouth Superior Court to the United States District Court.

> BLUE CROSS AND BLUE SHIELD
> OF MASSACHUSETTS, INC.
>
> By Its Attorneys,
>
> _/s/ Sara A. Walker_
> Sara A. Walker, BBO# 552116
> Blue Cross and Blue Shield of
> Massachusetts, Inc.
> Landmark Center
> 401 Park Drive
> Boston, MA  02215-3326
> Tel.:   (617) 246-3500
> Fax:   (617) 246-3550

Dated: May 12, 2004

Lit/Nolan/Notice of Removal

**CERTIFICATE OF SERVICE**
I certify on this date a true copy of this document was served on the attorney of record — and for each party by mail/by hand - and within the time permitted by the court's rules.
Dated: 5/12/04   _/s/ Sara A. Walker_



## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                          SUPERIOR COURT
                                       CIVIL ACTION NO.:

MARY NOLAN,                )
    Plaintiff,             )
                           )
v.                         )
                           )
BLUE CROSS & BLUE SHIELD   )
OF MASSACHUSETTS, INC.,    )
    Defendant.             )

### COMPLAINT AND JURY TRIAL DEMAND

#### PARTIES

1. The Plaintiff, Mary Nolan, is an individual with a usual place of residence at 94 Annella Road, Brockton, Plymouth County, Massachusetts.

2. The Defendant, Blue Cross & Blue Shield of Massachusetts, Inc., is a corporation with a principal place of business at 100 Summer Street, Boston, Suffolk County Massachusetts.

#### FACTS

3. On or about September 5, 1980, the Plaintiff, Mary Nolan, married Kevin Nolan.

4. There were three children born to this marriage, namely: Kevin Nolan, Jr. born on June 23, 1982; Kelli Rose Nolan, born on March 14, 1984; and Kathleen Nolan, born on May 12, 1988.

5. On October 28, 2002, the Plaintiff, Mary E. Nolan, was divorced from Kevin Nolan by virtue of a Judgment of Divorce Nisi issued by the Plymouth Probate and Family Court. A true copy of the Judgment of Divorce and Divorce Agreement are attached hereto and made a part hereof.

6. Pursuant to the Judgment of Divorce, Kevin Nolan was to maintain health insurance through his employer for the benefit of his un-emancipated children as well for his ex wife, Mary Nolan.

7. From 1980 until his death on June 15, 2003, Kevin Nolan had been employed by the Defendant Raytheon Company.

8. From the date of the Divorce Judgment until his death on June 15, 2003, Kevin Nolan maintained health insurance for his ex-wife Mary Nolan and his unemancipated children, through his employer, Raytheon Company. The health insurance carrier was Blue Cross & Blue Shield of Massachusetts, Inc..

9. On or about September 15, 2003, Mary Nolan required medical treatment.

10. Mary Nolan was notified by her health care provider that her health insurance had been canceled.

11. Mary Nolan had recently undergone emergency surgery for which her health care providers have not been paid by Blue Cross & Blue Shield of Massachusetts, Inc..

12. Mary Nolan continues to require care and continues to require expensive prescriptions.

13. Mary Nolan's daughter, Kelli Nolan, suffers from metal illness and requires prescriptions and counseling. Blue Cross & Blue Shield of Massachusetts, Inc. had ceased to pay for these prescriptions and treatments.

14. Mary Nolan never received any notice that her health insurance coverage had been canceled.

16. Mary Nolan had not been provided with an opportunity to reinstate her health insurance coverage.

17. On or about October 14, 2003, the Plaintiff filed suit against Ratheon Company to reinstate her health insurance coverage pursuant to M.G.L. c. 176G, §5A; M.G.L. c 175, §1101; M.G.L. c. 176B, §6B; and M.G.L. c. 176A, §8F.

18. On or about November 17, 2003, the Plaintiff paid her health insurance premium and the insurance was reinstated pursuant to agreement of the parties.

19. After Mary Nolan paid her insurance premium, she never received any further bills or notices from Blue Cross & Blue Shield of Massachusetts, Inc..

20. During February 2004, Mary Nolan attempted to obtain medical treatment for her daughter. The health care provider informed May Nolan that her health insurance had been canceled.

21. Mary Nolan called the Defendant and was told that her health insurance had been canceled in December 2003 and that it could not be reinstated.

22. Mary Nolan informed the Defendant's agent that she had not received any notices or bills. The Defendant's agent claimed that they had sent out invoices and a cancellation notice. Mary Nolan never received any of these documents.

## COUNT I
## (BREACH OF CONTRACT)

23. The Plaintiff restates and incorporates herein by reference the allegations contained in paragraphs 1 through 22 as if expressly rewritten herein.

24. The Defendant, Blue Cross & Blue Shield of Massachusetts, Inc. failed to bill Mary Nolan for her health insurance and failed to give her proper notice of the cancellation of her health insurance coverage.

## OTHER ALLEGATIONS

25. Mary Nolan and her children are presently without health insurance coverage and are unable to obtain the medical care they presently require.

22. If Mary Nolan's health insurance coverage is not reinstated immediately, Mary Nolan and her children will suffer irreparable harm.

WHEREFORE, the Plaintiff demands:

1. That the Court on return of a Short Order of Notice, issue a preliminarily injunction requiring that the Defendant, Blue Cross & Blue Shield of Massachusetts, Inc., reinstate the Plaintiff's health insurance benefits;

2. That the Court enter Judgment against the Defendant in favor of the Plaintiff on Count I requiring the Defendant to reinstate the Plaintiff's health insurance benefits with Blue Cross & Blue Shield of Massachusetts, Inc.;

3. That the Court enter Judgment against the Defendant Blue Cross & Blue Shield of Massachusetts, Inc. in favor of the Plaintiff on Count I in an amount to be determined by a judge or jury, together with costs, legal fees and interest.

## JURY TRIAL DEMAND

The Plaintiff demands a jury trial on each Count of her complaint.

Respectfully submitted,
Mary Nolan,
By her Attorney,

L. Richard LeClair, III
LeClair & LeClair, P.C.
135 Beaver Street, 2nd Floor
Waltham, MA 02452
(781) 893-5655
BBO# 561650

STATEMENT OF VERIFICATION
AND VERIFIED AD DAMNUM
PURSUANT TO G. L. CHAPTER 231, § 13B

I, Mary Nolan, pursuant to G.L. Chapter 231, § 13B, do state on oath and under penalties of perjury as follows:

1. I am the Plaintiff in the above entitled action.

2. I have read the allegations contained in the foregoing Complaint and the same are true based upon my own personal knowledge, except for those allegations on information and belief and as to those, I believe them to be true.

Signed this 28th day of April, 2004.

Mary Nolan