UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARY NOLAN )<br>)<br>Plaintiff, )<br>)<br>) CIVIL ACTION<br>v. ) NO. 04-10944-RGS<br>BLUE CROSS AND BLUE SHIELD )<br>OF MASSACHUSETTS, INC. )<br>)<br>Defendant. ) | |

### MEMORANDUM IN SUPPORT OF BLUE CROSS' MOTION TO DISMISS COMPLAINT

The plaintiff, Mary Nolan, brings this complaint against Blue Cross and Blue Shield of Massachusetts, Inc. ("Blue Cross") asserting that Blue Cross is in breach of contract by purportedly terminating her health insurance coverage that she had obtained through her former husband's employer, Raytheon Company. Her claims, however, are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001, et seq., because they are premised on the health insurance she obtained through her former husband's employer under an employer sponsored welfare benefit plan. Accordingly, the complaint should be dismissed.

**I.     BACKGROUND FACTS**

As alleged in her complaint, Ms. Nolan received her health insurance benefits through her now-deceased ex-husband's employer, Raytheon Company ("Raytheon"). Complaint, ¶¶ 6-8. Blue Cross administered the health insurance benefits offered by Raytheon. Id. at ¶ 8.

Subsequent to her ex-husband's death on June 15, 2003, Ms. Nolan learned that her health insurance benefits had been terminated. Complaint, ¶ 10. On or about October 14, 2003, Ms. Nolan filed suit against Raytheon in the Plymouth Superior Court to compel reinstatement of her health insurance. Id. at ¶ 17. On November 17, 2003, Ms. Nolan paid her premium and her health insurance was reinstated through Raytheon. Id. at 18. Raytheon then removed the action to the federal court. That action, which remains pending, is styled as Mary Nolan v. Raytheon Company, United States District Court for the District of Massachusetts, Civil Action No. 12236-RGS.

In February 2004, Ms. Nolan was informed by a health care provider that her health insurance benefits had been canceled. Complaint, ¶ 20. Rather than addressing the issue directly with Raytheon, Ms. Nolan commenced this action against Blue Cross claiming that a termination of her benefits through the Raytheon plan is a breach of contract. Complaint, ¶ 24.

## II. ERISA PREEMPTS THE COMPLAINT AND REQUIRES DISMISSAL

### A. Plaintiff's Claims Concern Benefits She Received An ERISA Plan

The Complaint establishes that Ms. Nolan obtained health insurance through an employee welfare benefit plan offered by her former husband's employer governed by ERISA. In paragraph 8 of the Complaint, Ms. Nolan makes clear that the welfare benefit plan in question was a program established and maintained by an employer. Complaint at ¶ 8. This is precisely the type of employee benefit plan covered by ERISA. See 29 U.S.C. §1002(3); see also Wickman v. Northwestern Nat'l Ins. Co., 908 F.2d 1077, 1082 (1st Cir.) cert. denied, 498 U.S. 1013 (1990) (a welfare benefit plan under ERISA is a plan, fund or program established or maintained by an employer or by an employee

organization, or by both for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits to participants or their beneficiaries).

### B. ERISA Preempts Any State Law Claim That Relates To An Employee Benefit Plan.

ERISA preempts any state law, including common law, that "relates to" employee benefit plans. FMC Corp. v. Holiday, 498 U.S. 52, 58, 111 S. Ct. 403, 407 (1990). In passing ERISA, Congress sought to, among other things, protect employers from having to comply with numerous and varied regulations, sometimes conflicting between states or between states and the federal government, regarding employee benefits. Ingersoll-Rand v. McClendon, 498 U.S. 133, 142, 111 S.Ct. 478 (1990). The preemption language is therefore "deliberately expansive." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 46 107 S. Ct. 1549 (1987)

Section 514 of ERISA provides, in pertinent part, that ERISA shall supersede any and all "[s]tate laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. 1144(c); see Andrews-Clarke v. Travelers Insurance Co., 984 F. Supp. 49, 57 n.31 (D. Mass. 1997) (ERISA's preemption provision is a "'Pac Man' that runs around the legal landscape . . . eating up other claims").  "State law," as used in the statute, includes "all laws, decisions, rules, regulations, or other State action having the effect of law . . .." 29 U.S.C. §1144(c). It is not limited to causes of action or state regulatory statutes that attempt to regulate an area expressly covered by ERISA, such as reporting and disclosure responsibility. Shaw v. Delta Air Lines, 463 U.S. 85, 98, 103 S.Ct. 2890, 2900 (1983). Rather, ERISA's "pre-emption provision [is] intended to displace all state laws that fall within its sphere, even including state laws that are

3

consistent with ERISA's substantive requirements." Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389 (1985).

A "law 'relates to' an employee benefit plan . . . if it has a connection with or reference to such a plan." Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139, 111 S.Ct. 478, 483 (1990)(quoting Shaw v. Delta Air Lines, Inc., 463 U.S. at 96-7). "Under this 'broad common sense meaning,' a state law may 'relate to' a benefit plan, and thereby be preempted, even if the law is not specifically designed to affect such plans or the effect is only indirect." Id. (quoting Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47, 107 S.Ct. 1549, 1553 (1987)).

### C. Claims Based On Improper Termination of Health Care Benefits "Relate To" An ERISA Plan.

It is axiomatic that a claim for breach of contract alleging the improper denial of benefits under an ERISA plan is preempted by ERISA. See, e.g., Hampers v. W. R. Grace & Co, Inc., 202 F. 3d 44, 52 (1st Cir. 2000)(state common law breach of contract claim preempted); McMahon v. Digital Equip. Corp., 162 F.3d 28, 38 (1st Cir 1998)(same); Turner v. Fallon Community Health Plan, Inc., 127 F.3d 196, 198-200 (1st Cir. 1997)(same) cert. denied 523 U.S. 1072, 118 S.Ct. 1512 (1998); Williams v. HealthAlliance Hospitals, Inc., 135 F. Supp. 106, (D. Mass. 2001)(breach of contract claims preempted). As the First Circuit noted, "it would be difficult to think of a state law that 'relates' more closely to an employee benefit plan than one that affords remedies for the breach of obligations under that plan." Turner v. Fallon, 127 F.3d at 199. Thus, "[a]nything akin to a contract claim" is preempted under ERISA. Turner v. Fallon, 127 F.3d at 200.

4